# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## EVANSVILLE, INDIANA

| | |
|---|---|
| FRANKLIN ABARCA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 3:21-cv-00163 |
| | ) |
| ANCHOR INDUSTRIES INC. | ) |
| | ) |
| Defendant, | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of his Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

## JURISDICTION

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e. and 42 U.S.C. § 1981 as amended by the Civil Rights Act OF 1991; 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on September 13, 2021.

## PARTIES

3. Plaintiff is a Hispanic Nicaraguan male and at all relevant times he resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

# FACTS

5. On February 10, 2020, Plaintiff was hired as a Quality Inspector at Anchor Industries.

6. Plaintiff was the only Hispanic person in his department, and one of the only non-Caucasian employees at the Defendant.

7. Plaintiff performed his job well.

8. Plaintiff has never received a write-up or any form of disciplinary action while working at the Defendant.

9. In December 2020, Plaintiff was moved directly under a new supervisor.

10. Plaintiff's supervisor would frequently say derogatory comments about his heritage to him and other employees.

11. Plaintiff's supervisor told other employees that Plaintiff was a racist Mexican, would try to speak words in Spanish in a joking fashion, and would tell Plaintiff that Plaintiff and another employee, came from the same camps in Mexico.

12. Plaintiff's supervisor asked if he played soccer like other Mexicans.

13. He also told Plaintiff that he would 'beat [his] ass' and told him that he wanted Plaintiff to go outside to fight him.

14. On December 15, 2020, Plaintiff applied to work in a different department as a Production Planner.

15. On January 6, 2021, Plaintiff was told he did not get the position in a meeting with Defendant's production planning manager and COO.

16. During the meeting, Defendant stated that Plaintiff had a great resume and experience, and although they did not pick him for this position, there was a position upcoming that he was perfect for.

17. The COO stated that Plaintiff should prepare himself for the role, and he should study manufacturing, sigma and 5S skills, just as the previous employee in that position had.

18. Plaintiff began studying rigorously for the position.

19. On February 8th, 2021, Plaintiff reported the Supervisor's harassing conduct to HR.

20. On February 9th, Defendant's COO and HR representative, took Plaintiff into the office and asked about the incidents he described.

21. They then stated that the Supervisor was suspended until they conducted an investigation. Later, management informed Plaintiff that his claims were substantiated, and that the Supervisor was terminated.

22. After Plaintiff's report, Plaintiff was approached by Defendant's VP of Production, who stated that he hoped his allegations of discrimination didn't 'follow [him] around' to other positions.

23. On February 16, 2021, the Defendant brought Plaintiff back into the office and asked if they could rehire the Supervisor.

24. Plaintiff stated he did not want to work in the same department as the Supervisor.

25. On February 17, 2021, Plaintiff had his annual review meeting with the COO.

26. Defendant's COO told Plaintiff that he should not be so outspoken, that he should listen more, and that when he filed his complaint and had a meeting with the managers about discrimination, that Plaintiff sounded like he was lecturing them.

27. On February 24, 2021, Plaintiff applied for Quality Specialist position, which was the position management spoke to him about previously.

28. After Plaintiff was interviewed, he was asked by the Defendant where his home country was, and if he had traveled there recently.

29. Plaintiff has never disclosed his immigration status to the Defendant.

30. On March 22, 2021, Plaintiff was called into a meeting by the Defendant where they stated he did not get the position.

31. Defendant stated that they hired someone with more experience, however, later Plaintiff learned that they hired a Caucasian woman with no experience in the tent industry and much less training than Plaintiff.

32. The Caucasian employee had less experience and was unprepared for the position yet got hired easily into the Quality Specialist position.

33. Plaintiff's previous supervisor who discriminated against him was hired back on to work for the Defendant on the same shift as Plaintiff.

34. Defendant failed to promote Plaintiff due to his race.

35. Defendant failed to promote Plaintiff due to his national origin.

36. Defendant retaliated against Plaintiff for engaging in protected activity.

## COUNT I

37. Plaintiff incorporates by reference paragraphs 1-36.

38. Defendant, as a result of failing to promote Plaintiff due to his race, violated 42 U.S.C. § 1981.

## COUNT II

39. Plaintiff incorporates by reference paragraphs 1-36.

40. Defendant, as a result of failing to promote Plaintiff due to his race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT III

41. Plaintiff incorporates by reference paragraphs 1-36.

42. Defendant, as a result of failing to promote Plaintiff due to his national origin, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT III

43. Plaintiff incorporates by reference paragraphs 1-36.

44. Defendant, as a result of retaliating against Plaintiff for engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;
B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;
C. Award Plaintiff punitive damages;
D. Award Plaintiff his cost in this action and reasonable attorney fees;

E. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd, 31235-49
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd, 31235-49
Attorney for Plaintiff

Amber K. Boyd, 31235-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416